# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| **BILLY R. THOMAS, ET AL** | **CIVIL DOCKET NO. 6:21-CV-00982** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **RENATA RICHARD, ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the Court is Plaintiffs' MOTION FOR DEFAULT JUDGMENT ("the Motion"). [Doc. 20].  In reviewing the Motion, and after a *sua sponte* review of the claims asserted in this matter, the Court finds that plaintiffs' claims should be dismissed for lack of subject-matter jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

This matter contains a limited record for the Court to consider.  The Plaintiffs in this matter, acting pro se and using a pre-printed form, filed their complaint on April 6, 2021.  [Doc. 1].  The Complaint asserts federal question jurisdiction, but also states that Plaintiffs are bringing the claim in federal court because they are asking for over $75,000 and because of concerns of favoritism in Evangeline Parish.  *Id.* at 3. When discussing the nature of the litigation, the Plaintiffs marked the defamation, fraud, and other tort categories and stated that the Defendants "have made numerous…harmful accusation[s] that [were] unsupported by facts also to 3rd party even under oath and conspiracy of fraud." *Id.* at 5.  However, the portions of the pre-printed "Complaint" on which the Plaintiffs were to state the factual allegations

behind their claims were left blank and nowhere does the Complaint otherwise state the nature of the claims asserted.

The Defendants failed to respond to the Complaint and the Clerk of Court entered a default on November 30, 2021.  [Docs. 18, 19].  On December 29, 2021, the Plaintiffs filed a MOTION FOR DEFAULT JUDGMENT.   [Doc. 20].   Defendants have neither answered the Complaint nor otherwise entered an appearance in this matter.

## LEGAL STANDARD

"Subject-matter jurisdiction is essential for the federal judiciary to hear a case." *The Lamar Company v. Miss. Trans. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020). Unlike other issues such as personal jurisdiction, subject-matter jurisdiction "can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).  Courts must consider whether subject-matter jurisdiction exists in every case.  *Id.*  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  The Court can dismiss for a lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) (quoting *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989)).

While briefs filed by pro se litigants are afforded a liberal construction and courts should "apply less stringent standards," pro se parties must still meet legal requirements.  *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).  Thus, while the

Court will review the Plaintiffs' briefings more liberally, these briefs must still support some basis for a finding of subject-matter jurisdiction.

To establish federal subject-matter jurisdiction, a plaintiff must show that the court either has diversity jurisdiction or federal question jurisdiction. *See* 28 U.S.C. §§ 1331-1332. Diversity jurisdiction requires both that the amount in controversy exceeds $75,000 and that there is complete diversity of citizenship between the plaintiffs and the defendants. 28 U.S.C. §1332. Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968).

Federal question jurisdiction arises when a case arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To obtain federal question jurisdiction, the claim must satisfy the well-pleaded complaint rule. *See Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Generally, this is satisfied because the federal law itself "creates the cause of action."[1] *Id.* The mere fact that some federal statute may have been broken is insufficient for federal question jurisdiction, rather the plaintiff must show that "Congress intended to create, either expressly or by implication, a private cause of action." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575 (1979). Notably, criminal statutes do not create private causes of action that would establish federal question jurisdiction. *See Doyon*

---

[1]     A plaintiff can also establish federal question jurisdiction "where the vindication of a right under state law necessarily turned on some construction of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983). However, there is nothing in the briefings which would indicate this type of federal question jurisdiction so it will not be discussed further.

*v. United States*, 2008 WL 2626837 at *4 (W.D. Tex. 2008) (collecting District Court cases denying federal question jurisdiction based on criminal statutes).

<u>APPLICATION</u>

In this matter, diversity jurisdiction does not exist. Both Plaintiffs are residents of Louisiana. [Doc. 1 at 1]. Each Defendant, including each of the individual Defendants and Eugene Euco Finance Company, are also residents of Louisiana. *Id.* at 2. Because there is not complete diversity, there is no diversity jurisdiction regardless of the amount in controversy. *See Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968).

Plaintiffs have also failed to establish a basis for federal question jurisdiction. Since the record in this case is limited, the Court must determine whether jurisdiction exists from the available briefing. First, there are no facts listed in the Complaint which could support a claim under federal question jurisdiction. Rather, the claims are seemingly focused on some defamation, fraud, or tort claim, none of which arise under federal law as required by 28 U.S.C. § 1331.

Plaintiffs have also pointed to various federal statutes, which the Court will examine in turn. Title 18 U.S.C. § 242 is a criminal statute penalizing the willful deprivation of a Constitutional right by anyone acting "under color of…law." 18 U.S.C. § 242. As discussed previously, however, this criminal statute does not create a civil cause of action, nor does it grant the Court federal question jurisdiction.

Plaintiffs also cite to 42 U.S.C. §1011, but this likewise does not create a private cause of action. Rather, this statute merely discusses the penalties for fraud

4

under the Social Security Act.  As such, no federal question jurisdiction would accrue under this statute.

The Court also notes that the Plaintiffs have alleged violations of Rule 8, which the Court interprets to mean Federal Rule of Civil Procedure 8.  However, the Federal Rules of Civil Procedure do not themselves grant a private cause of action and would not be grounds for federal question jurisdiction.

## CONCLUSION

For the foregoing reasons, even when construing the Complaint liberally and affording all plausible meanings thereto, the Court is unable to find a basis for retaining jurisdiction over this matter.  While it remains true that the Defendants have never responded in this case and have defaulted, the Court finds that it is without subject matter jurisdiction to enter judgment.

Because the Court finds that no subject-matter jurisdiction exists, IT IS HEREBY ORDERED that the case must be DISMISSED WITHOUT PREJUDICE.

Consequently, IT IS FURTHER ORDERED that the MOTION FOR DEFAULT JUDGMENT [Doc. 20] is MOOT.

THUS, DONE AND SIGNED in Chambers on this 3rd day of February 2022.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE